# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES JACQUES JULES P. LEMARIE, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. CIV-13-901-M ) |
| FEDERAL AVIATION ADMINSITRATION, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Before the Court is Respondent's Motion and Memorandum to Dismiss Petition for Writ of Mandamus, filed November 20, 2013. On December 11, 2013, petitioner filed his response, and on December 18, 2013, respondent filed its reply. Based on the parties' submissions, the Court makes its determination.

I.   Introduction

On November 5, 2012, the Federal Aviation Administration ("FAA") granted petitioner a temporary certificate. In January 2013, petitioner, while landing his plane, hit a runway light. On March 5, 2013, petitioner's temporary certificate expired. On March 22, 2013, petitioner petitioned the National Transportation Safety Board ("NTSB") for review on the basis that despite being qualified for permanent certificate, the FAA has delayed in issuing him one without sufficient reason. Petitioner alleged that the FAA in effect denied his application when it failed to issue him a permanent certificate even though he is qualified and provide any notice that his temporary certification expired.

The ALJ dismissed petitioner's claim for lack of jurisdiction asserting that because the FAA is still conducting an ongoing investigation regarding petitioner and has not yet determined

whether petitioner was qualified, there was no certificate denial action by the FAA over which the NTSB had review authority. Accordingly, the ALJ found that petitioner must re-file his claim with the NTSB once the FAA issues its decision. Petitioner was notified of his right to appeal the ALJ's decision, and while petitioner's claim was pending before the ALJ, petitioner filed this instant action before this Court.

II. Standard of Review

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint. *See id.* In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends. *See id.* "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* However, in determining subject matter jurisdiction where there is a factual attack, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* at 1003. In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion. *See id.* (citation omitted).

III. Discussion

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citation omitted). The Supreme Court held in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), that the existence of subject matter jurisdiction is a threshold inquiry that must precede

any merit-based determination. This requirement is "inflexible and without exception." *Id.* at 95 (internal quotation omitted). If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims. *See id.* at 101–02.

The United States may be sued only to the extent it has waived its sovereign immunity. "Sovereign immunity is not waived by general jurisdiction statutes such as 28 U.S.C. § 1331 (federal question jurisdiction)[.]" *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

Under 28 U.S.C. § 1361, "district courts . . . have jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A court may issue a writ of mandamus under § 1361 only when the plaintiff "has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1017 (10th Cir. 2013) (citations and quotation marks omitted). "The Supreme Court has made clear that writ of mandamus is a 'drastic' remedy that is 'to be invoked only in extraordinary circumstances.'" *Soc. Sec. Law Ctr., LLC v. Colvin*, No. 12-5192, 2013 WL 5685624, at * 2 (10th Cir. Oct. 21, 2013) (citations omitted).

"An individual whose application for the issuance or renewal of an airman certificate has been denied may appeal the denial to the [NTSB]." 49 U.S.C. § 44703(d). Initially, an ALJ conducts a hearing and issues a decision. *See* 49 C.F.R. §§ 821.35-821.43; 821.56. A party may appeal an ALJ's initial decision to the NTSB by filing an appeal within ten days of the ALJ's decision. *See* 49 C.F.R. §§ 821.47-81.50; 821.57. After review by the NTSB, a party may appeal the NTSB order to a court of appeals. *See* 49 U.S.C. §§ 44703(d)(3), 46110. Further, a party may also petition the NTSB in the event the FAA denies him a permanent certificate, and

subsequently, seek judicial review of any resulting NTSB order in a court of appeals, 49 U.S.C. §§ 44703(d)(3), 46110, or in a district court, Pub. L. No. 112-153, 162 Stat. 1159, 1161(d)(1).

Respondent asserts that petitioner's claim should be dismissed because the Court does not have jurisdiction to hear plaintiff's claim. Specifically, among other assertions, respondent asserts that petitioner failed to exhaust his administrative remedies. Petitioner responds with few sentences, with no mention of respondent's assertion that he has failed to exhaust his administrative remedies, and generally asserting that the Court has jurisdiction under 28 U.S.C § 1361.

Having reviewed carefully the parties' submissions, the Court finds that petitioner's claim should be dismissed because he has failed to exhaust his administrative remedies. Specifically, as respondent asserts in its motion[1], the Court finds that the FAA has not yet issued a decision denying him a permanent certificate. Instead, the decision is pending until the agency completes its investigation of petitioner's qualifications. For this reason, the ALJ dismissed petitioner's claim without prejudice for lack of jurisdiction. Once the ALJ dismissed his claim, petitioner had the option of appealing the ALJ's decision to the NTSB within ten days, which he failed to do. If petitioner had appealed the ALJ's decision and the NTSB also dismissed petitioner's claim, petitioner then could have sought review with the court of appeals. Further, even now, once the FAA issues a final decision either granting or denying petitioner's request, petitioner still has the option of petitioning the NTSB to review such decision. Once the NTSB rules on petitioner's claim, petitioner would have exhausted his administrative remedies, and as such, may, if he wishes, file his claim before the court of appeals or a district court. Accordingly,

---

[1] Petitioner does not address, or even attempt to address, defendant's factual and legal assertions that petitioner failed to exhaust his administrative remedies.

the Court finds that petitioner has failed to exhaust his administrative remedies, and as such, petitioner's claim is dismissed for lack of subject matter jurisdiction.

IV.    Conclusion

Accordingly, the Court GRANTS Respondent's Motion and Memorandum to Dismiss Petition for Writ of Mandamus [docket no. 11] and DISMISSES this action.

**IT IS SO ORDERED this 30th day of December, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE